[Civ. No. 3455.   Third Appellate District, April 4, 1928.]

CARRIE E. CORY, Appellant, v. CITY OF STOCKTON et al., Respondents.

A. H. Ashley for Appellant.

J. LeRoy Johnson and Clarence A. Grant for Respondents.

BARTLETT, J., *pro tem.*—By an amended and supplemental complaint filed in the superior court of San Joaquin County, on June 2, 1925, plaintiff seeks the abatement of an alleged continuing public and private nuisance, incidental damages, declaratory judgment and general relief. The original complaint was filed on January 28, 1924. Demurrers were interposed by defendants to the amended and supplemental complaint, which demurrers were sustained by the trial court without leave to amend and judgment was entered in favor of defendants on April 9, 1926. Plaintiff appeals from the whole of said judgment.

The material facts appearing from the amended and supplemental complaint are: The city of Stockton, in San Joaquin County, California, lies a short distance east of the San Joaquin River at its junction with what is known as Stockton channel. The San Joaquin River flows in a

general northwesterly direction in this vicinity. Stockton channel extends easterly from the San Joaquin River to the center of the city of Stockton. Both of these watercourses are navigable streams over which much commerce has passed for many years. At various times in past years, commencing with 1881, the United States government has expended large sums of money for aiding navigation on these streams through deepening and rectifying their channels. Easterly of Stockton in the foothills of the Sierra Nevada mountains what is known as the Calaveras River has its source. This stream emerges from the foothills onto the San Joaquin Valley plain near a town known as Bellota, about fifteen miles east of Stockton. At Bellota the Calaveras River divides into two channels each flowing generally westerly. The southerly channel is known as Mormon channel and the other is called the Old Calaveras River. The Old Calaveras River empties into the San Joaquin River about three to five miles northwesterly from the city of Stockton, passing in its course just north of the corporate limits of that city. The southerly course of Mormon channel originally flowed through the corporate limits of Stockton and emptied into Stockton channel at a point just west of the west boundary of the city. Since 1877 Mormon channel carried the bulk of the water of the Calaveras River. This stream has a varying flow of from 29,000-acre feet to over a million-acre feet in a year. In certain seasons this river carried large quantities of sediment toward the San Joaquin River, and the main body of the water of the Calaveras River as it passed through Mormon channel conveyed with such water large amounts of this sediment, portions of which were deposited in Stockton channel and the San Joaquin River, thereby causing detriment to the navigability of the streams. The lands adjacent to these rivers in seasons of rainfall were subject to floods which overflowed portions of the city of Stockton. The matter of the silting of Mormon channel and the San Joaquin River and the possibility of its prevention was made a subject of study by the United States war department. As a result of this study an appropriation by Congress was recommended for the purpose of constructing a canal to carry the water of Mormon channel to the Old Calaveras

River. On June 13, 1902, Congress appropriated $50,000 for this purpose. This appropriation act provided as a condition that the city of Stockton or the state of Californa should furnish the right of way for the proposed diverting canal. The state of California authorized its commissioner of public works to obtain the right of way, appropriated $60,000 with which to secure it, thereafter acquired the same, and conveyed it to the United States. Subsequently the diverting canal was built by the United States and for many years before this action was commenced the waters of Mormon channel flowed through this canal to the Old Calaveras River and thence into the San Joaquin River. On the west side of the canal a high levee was constructed. No levee was constructed on the east side. During flood seasons at various times the diverting canal overflowed its banks, and waters from this overflow were cast upon the lands east of the canal, a portion of these lands being those owned by the plaintiff herein. The first overflow was in 1911. An action was brought in the United States court of claims seeking damages resulting from these overflows, plaintiff being a party thereto, and the case on reaching the United States supreme court was determined adversely to plaintiff so far as any claim for damages against the United States was concerned. Thereafter this action was instituted, plaintiff by her amended complaint asking that waters overflowing, flooding or remaining on her land, other than that on the canal right of way, and the dam in Mormon channel, and incidentals thereof be adjudged a nuisance, that the nuisance be abated, that plaintiff recover damages in the sum of $1,600, that the legal rights and duties of plaintiff and each of the defendants be ascertained and declared, that plaintiff have all other declaratory relief, and general relief and costs. The supplemental complaint alleges acts and claims concerning the lands in the right of way on the part of certain of the defendants occurring and made after the filing of the amended complaint, which acts and claims alleged to be without right or justification are asked to be restrained and prohibited on the determination of the action.

Defendant, the City of Stockton, filed a demurrer to the amended and supplemental complaint, on the grounds of

want of a statement of sufficient facts, laches on the part of plaintiff and bar of the statute of limitations against any rights plaintiff might have to a recovery against said defendant. This demurrer was sustained in the trial court without leave to amend, and from the judgment in defendants' favor thereupon entered this appeal is prosecuted.

The vital point presented for determination on this appeal is whether or not the amended complaint and supplemental complaint state facts sufficient to constitute a cause of action against the defendant City of Stockton. That the injury complained of is an incidental consequential one resulting from a public work constructed by the United States in aid of navigation is apparent from the facts set forth in the amended complaint and supplemental complaint. That injury resulting from such work is not compensable is declared to be the law applicable in this state by the decision of the supreme court in *Gray* v. *Reclamation District No. 1500,* 174 Cal. 622 [163 Pac. 1024]. In this case the rights of property owners concerning damage from overflows of flood waters caused through public work designed to aid navigation are exhaustively examined and discussed. The facts in that case in many respects are the same as those in the case at bar. There, as in this action, the projected work had in view as one of its primary purposes the improving and protecting of the bed of a navigable river for navigation. The result of the building of a levee on one side of lands embraced in a reclamation district temporarily flooded lands lying outside of the district with flood waters which were beyond the capacity of the navigable river to carry and convey. The court decided that where a public work is built in aid of navigation, any incidental damage resulting therefrom is not compensable. Occasional flooding of plaintiff's lands with flood waters beyond the carrying capacity of the canal constructed by the United States is the gravamen of this action. In view of the rule laid down in *Gray* v. *Reclamation District No. 1500, supra,* the amended complaint and supplemental complaint fail to state sufficient facts to constitute a cause of action against defendant City of Stockton.

The fact that the state of California and the city of Stockton contributed the right of way over which

the United States has constructed and is maintaining its canal and levee cannot be held as making them in any way liable for damages resulting from uses made of such right of way by the United States. If she is entitled to any relief, plaintiff must secure it from the constructor of the canal, the United States of America.

By the decision of the supreme court of the United States in the case of *Sanguinetti* v. *United States,* reported in 264 U. S. 146 [68 L. Ed. 608, 44 Sup. Ct. Rep. 264], which was an action in tort for damages to plaintiff's lands and others similarly situated, by means of overflow waters, it was held that there is no remedy against the United States for tort in casting water on private property, that the injury was in its nature indirect and consequential and one for which no implied obligation on the part of the government can arise. The case was decided solely upon the point that the court of claims had no jurisdiction regarding a liability of the United States sounding in tort. The extent of the jurisdiction of the court of claims in a proceeding seeking equitable aid against the United States does not appear to have been raised or presented by the actions instituted by the plaintiff and others in the United States court of claims regarding the canal and its operations.

█ The United States is the only party that has the power to remove the dam and levee which it has constructed upon the right of way granted to it by the city of Stockton and the state of California. If any nuisance exists because of the maintenance and use of the same, it is not one that lies within the jurisdiction of the courts of the state of California to ascertain and abate. Such proceeding, if at all permissible, is one which must be presented in some court of the United States wherein plaintiff and the United States of America would be the parties plaintiff and defendant.

The control of the properties involved, the determination of the extent of any rights plaintiff may have therein, the duties of the grantee thereof toward plaintiff, are subjects not within the jurisdiction of the state courts of California to adjudge and determine, because of the right of way for the canal in question being the property of the United States, and no power was vested in the trial court to act otherwise than it did in sustaining the demurrers to the

amended and supplemental complaint without leave to amend and entering judgment dismissing the action.

The judgment is affirmed.

Hart, Acting P. J., and Plummer, J., concurred.